JUL-29-2014 13:55 FROM: TO:17182778737 P.2/7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>YVENER JEAN-BAPTISTE | Criminal Case No. _____<br><br>CR 14-97S |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the United States and Defendant, YNENER JEAN-BATISTE, have reached the following agreement:

1. Defendant's Obligations.

   a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of a two-count Information which charges defendant with access device fraud and aggravated identity theft, in violation of 18 U.S.C. §§ 1029(a)(2) and 1028A. Defendant agrees that Defendant will plead guilty to said Information. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

2. Government's Obligations. In exchange for Defendant's pleas of guilty:

   a. The government will recommend that the Court impose a term of 24 months imprisonment for both offenses to be imposed concurrently (resulting in a total sentence of 24 months imprisonment).

   b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility

DISTRICT COURT DISTRICT OF RHODE ISLAND   2014 AUG -1 P 3: 42   FILED

1

under § 3E1.1(a) of the United States Sentencing Guidelines (the "guidelines") if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b)(2), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and defendant stipulate and agree to the following facts under the guidelines:

a. The amount of loss attributable to the offense of access device fraud is more than $120,000 but less than $200,000. Therefore, a 10 level enhancement applies under U.S.S.G. § 2B1.1(b)(F).

2

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offense to which defendant is pleading are: <u>Count One</u> (access device fraud) - 10 years imprisonment; a fine of $250,000 or twice the pecuniary loss or gain resulting from the offense, whichever is greater; a term of supervised release of 3 years; and a mandatory special assessment of $100.

<u>Count Two</u> (aggravated identity theft) - a mandatory minimum sentence of 2 years imprisonment; a fine of $250,000, a term of supervised release of 3 years; and a mandatory special assessment of $100.

If imposed consecutively, the minimum and maximum penalties for all offenses to which Defendant is pleading guilty are a minimum of 2 years imprisonment and a maximum of 12 years imprisonment; a fine of $500,000 or twice the pecuniary gain or loss resulting from the offense, whichever is greater; and a term of supervised release of 3 years. The mandatory special assessment totals $200.

7. Defendant agrees that, after Defendant and Defendant's counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a

previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

    8.    Defendant is advised and understands that:

    a.    The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

    b.    Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

    c.    Defendant has the right to a jury trial;

    d.    Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

    e.    Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

    f.    Defendant waives these trial rights if the Court accepts a plea of guilty.

    9.    The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

    10.    Except for paragraphs 2 and 4 above, the parties have made no agreement concerning the application of the guidelines in this case.

JUL-29-2014 13:55 FROM: TO:17182770737 P.6/7

11. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12. Defendant hereby waives Defendant's right to appeal the convictions and sentences imposed by the Court, if the sentences imposed by the Court are within or below the sentencing guideline range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

17. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____    7-29-2014
YNENER JEAN-BAPTISTE                Date
Defendant

_____    07/31/14
JASON KNIGHT, ESQ. (MITCHELL C. ELMAN, ESQ.)  Date
Counsel for Defendant

_____    7/31/14
LEE H. VILKER                       Date
Assistant U.S. Attorney

_____    08/01/2014
ADI GOLDSTEIN                       Date
Assistant U.S. Attorney
Chief, Criminal Division

6